## AYERVAIS v. UNITED STATES.

No. 5437.

Circuit Court of Appeals, Third Circuit.

Aug. 8, 1934.

Paul A. Berlowitz, of New York City, for appellant.

Harlan Besson, U. S. Atty., and Walter B. Petry, Asst. U. S. Atty., both of Trenton, N. J.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

The indictment contained three counts. One charged Brown, Wallace and Ayervais with unlawfully attempting to utter and pass upon Agnes Gruber a counterfeit twenty dollar note; another charged the same men with attempting the same offense upon Mary Pederson; the third charged them with feloniously possessing nine such counterfeit notes with intent unlawfully to utter and pass them.

All were tried, convicted and sentenced. Ayervais appealed, raising the single question whether the trial court erred in refusing his motion for a directed verdict of acquittal.

This question must be answered not by weighing the evidence, for that is the function of a jury, but by determining whether there is some evidence which, though meager and circumstantial, validly affords an inference of guilt, supports the allegations of the indictment and accordingly sustains the verdict against him. The facts from which the jury drew the incriminating inference are briefly these:

The three defendants were seen together on the streets of Union City, New Jersey. Twice Brown and twice Wallace left his two companions and went into a store. When Brown or Wallace went into a store, the other two (always including Ayervais) walked on until rejoined by the man who had left them. What happened in the store on two occasions is not disclosed. Certainly on the other two occasions, Brown at one time and Wallace at the other tried to pass a counterfeit twenty dollar note. In each case the storekeeper, being suspicious, refused to take it. The three men then boarded a bus. Before going far the bus was halted and the

men were arrested on information given a police officer by two boys, who, prompted by one of the storekeepers, had followed the men and observed their conduct. On being arrested none protested his innocence. No counterfeit money was found on Brown or on Ayervais, but Wallace, on the way to the police station, dropped a roll of counterfeit twenty dollar notes which was observed and recovered by the vigilant boys.

The government maintains that this evidence sustains the conviction of Ayervais under the three counts on the theory that, being one of the group on the street, he must have seen and have known what the others were doing, both with respect to their attempts to pass counterfeit money and to the possession thereof with intent to pass it, and therefore he aided and abetted them. That might be true but we find no evidence which proves it. The circumstance of his presence with violators of the law—the only evidence against him—is, except for natural suspicions, equally open to the hypothesis of innocence and to that of guilt. Confessedly it would not take much to link Ayervais with Brown and Wallace in a criminal way, but there is, in the record, no link at all except his silent and inactive association with men who from time to time departed and individually committed crimes.

This court is bound to enforce the law upon the record as it stands and direct, against the personal inclination of its members, that the judgment of sentence against Ayervais be reversed for want of evidence to sustain it.